IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DOROTHY BLOOD, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. [_____] |
| v. | ) ) ) | |
| LABETTE HEALTH, | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Labette County Medical Center d/b/a Labette Health ("Labette") hereby removes the civil action entitled *Dorothy Blood, et al. v. Labette County Medical Center d/b/a Labette Health* (the "Removed Case"), from the Thirty-First Judicial District of Kansas, where it is now pending, to the United States District Court for the District of Kansas. In support of removal, Labette states the following[1]:

---

[1] By filing this Notice of Removal, Labette does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled. Labette also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds, including that no class should be certified in this action. The facts set forth in this Notice are based on the allegations of the Complaint and Labette's good faith allegations and are solely for removal purposes. Labette's reliance on the facts alleged and relief sought in the Complaint for removal purposes in no way suggests that Labette agrees with those facts or concedes to any of the relief sought.

**I. PROCEDURAL POSTURE**

1. Plaintiffs Dorothy Blood ("Blood"), Tyler Blood ("T. Blood"), and Peggy Wittum ("Wittum") (collectively, "Plaintiffs") commenced the Removed Case in Kansas State Court, venued in the Thirty-First Judicial District, Neosho County, on April 26, 2022 (the "State Court Action").

2. Plaintiffs served a copy of the Complaint and Summons on June 7, 2022.

3. In their Complaint, Plaintiffs assert causes of action for implied contract, unjust enrichment, and violations of the Kansas Protection of Consumer Information Act based on a recent cyber-attack on Labette's network.

**II. PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 103(3), 1441(a), 1446(a).

5. This removal is timely because it is being filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of all process, pleadings, and orders filed in the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Labette is simultaneously (a) serving Plaintiffs with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the Kansas District Court, Thirty-First Judicial District, Neosho

County. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[2]

### III. CLASS ACTION FAIRNESS ACT

8. The Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which "confer[s] federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity (between any defendant and any plaintiff class member) is met." *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006).

**A.     The Putative Class**

9. This action is a class action within the meaning of the CAFA because Plaintiffs seek certification of a putative class pursuant to K.S.A 60-223, a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," as defined by 28 U.S.C. §1332(d)(1).

10. The CAFA numerosity requirement is also satisfied because Plaintiff alleges that there are "over 115,670" class members. Compl. ¶ 151.

**B.     Minimal Diversity**

11. Labette is a not-for-profit medical care corporation organized under the laws of the state of Kansas. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Labette is incorporated in Kansas and has its principal place of business in Kansas. Consequently, for diversity purposes, Labette is a citizen of Kansas.

---

[2] Labette has not included Exhibit 1 to the state court removal notice because Exhibit 1 is a copy of this Notice of Removal.

12. Plaintiffs propose that the following persons be included in the class: "All persons whose PII and/or PHI was compromised as a result of the Data Breach that Labette discovered on or about October 11, 2021."

13. This definition is not limited by residency or citizenship, and, over the course of its many years of operation, Labette has treated countless individuals from throughout the nation.

14. Accordingly, at least one member of the putative class is a citizen of a State different from Kansas or a citizen or subject of a foreign state.

15. Because Labette is a Kansas citizen and at least one member of the putative class is a citizen of a State different than Kansas, or is a citizen or subject of a foreign state, minimal diversity exists among the parties under the CAFA. *See* 28 U.S.C. § 1332(d)(2)(A)-(B).

### C.     Amount in Controversy

16. The amount in controversy requirement is also satisfied. "[A] defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).

17. The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6).

18. This standard "require[s] a party seeking federal jurisdiction to show only and much more modestly that a fact finder *might legally conclude* that damages exceed the statutory amount." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) (internal quotation marks omitted) (emphasis added).

19. "As for how to show that amount, the plaintiff's complaint may of course provide the basis for the amount in controversy if it demands monetary relief of a stated sum. But, as in this

4

case, [w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Heather v. Air Methods Corp.*, No. CIV-16-843-R, 2016 WL 7109675, at *1 (W.D. Okla. Dec. 6, 2016) (internal citations and quotation marks omitted).

20. Assuming the truth of Plaintiffs' allegations for purposes of this removal only (while reserving Labette's right to dispute them in future proceedings), and aggregating the alleged damages for all putative class members, the relief sought by the Complaint exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

21. For their part, Plaintiffs claim that the class suffered a wide range of damages, including but not limited to "imminent, immediate, and continuing increased risk of harm from fraud and identity theft," "out-of-pocket fraud losses such as loans opened in their names, medical services billed in their names, tax return fraud, utility bills opened in their names, credit card fraud, and similar identity theft," "phishing, data intrusion, and other illegal schemes based on their Private Information," "out-of-pocket costs for protective measures such as credit monitoring fees," "a loss of value of their Private Information," "benefit-of-the-bargain damages," "severe disruption to their lives," "significant amounts of time to monitor their financial and medical accounts," and "ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects." Compl. at ¶ 136-143, 145.

22. Plaintiffs do not provide an estimate for each of these categories of damage, but do allege that stolen PHI can be worth up to $363.00 per single record. Compl. at ¶ 104.

23. Additionally, Plaintiffs claim that medical data can be worth $50 "and up" on the black market. Compl. at ¶ 108.

24. Plaintiffs also allege that some of the named class members paid "in excess of $500" due to withdrawal fees," as well as "5 to 6 hours" to track their information and resolve banking problems. Compl. at ¶ 116.

25. Again, Plaintiffs do not quantify the value of this time and monitoring effort, but in a similar data breach case, a defendant offered reimbursement at market rate of $25.00 per hour for dealing with the consequences of a data breach.[3]

26. Plaintiffs also allege that "risk to reward analysis illustrates beyond doubt that Private Information has considerable market value." Compl. at ¶ 98.

27. Plaintiffs also seek "compensatory damages, statutory damages, and statutory penalties," as well as punitive damages, "as allowable by law," although it is not clear how much they seek for each such category. *See* Compl. at *45.

28. This amounts to $57,835,000.00 for Plaintiffs' claim of banking charges ($500 per class member), $5,783,500 for Plaintiff's claim of health records being stolen and sold ($50 per health record stolen [assuming one such record per class members, at a class size of 115,670]), $14,458,750 for Plaintiffs' claim of lost time (5 hours per class member, at a price of $25 per hour), and an additional unspecified amount for invasion of privacy damages, exemplary damages, punitive damages, statutory damages, attorney's fees, and court costs.

29. Accordingly, although Labette vigorously disputes Plaintiffs' allegations and entitlement to relief, assuming for the purposes of removal only that Plaintiffs' allegations are true and the

---

[3] *Equifax Data Breach Settlement: What You Should Know*, Federal Trade Commission, https://consumer.ftc.gov/consumer-alerts/2019/07/equifax-data-breach-settlement-what-you-should-know (last visited Apr. 12, 2022).

Court or a fact-finder finds they are entitled to recover for all the aforementioned alleged categories of damages, the individual damages alleged in their Complaint would substantially exceed the statutory threshold.

## IV. DESIGNATION OF PLACE OF TRIAL

Labette designates Kansas City, Kansas, as the place of trial.

WHEREFORE, notice is hereby given that this action is removed from Kansas District Court to the United States District Court for the District of Kansas.

Dated:  June 28, 2022   SPENCER FANE LLP

By: *s/ Mark A. Cole*
    Mark A. Cole, #25349
    Kyle A. Klucas, #29151
    6201 College Blvd., Suite 500
    Overland Park, KS 66211
    Telephone: 913.327.5108
    mcole@spencerfane.com
    kklucas@spencerfane.com

*Attorneys for Defendant Labette Health*